No. 5559.

## EDMOND JONES *v.* THE STATE.

1. CIRCUMSTANTIAL EVIDENCE—CHARGE OF THE COURT.—It is only when the State relies *exclusively* upon circumstantial evidence that the trial court is required to charge the jury upon the law controlling that character of evidence.

2. INCEST.—NEW TRIAL was applied for in this case to procure the testimony of the co-defendant of the accused, who was tried and acquitted of the same offense subsequent to his conviction. Under the rule that an uncorroborated accomplice is not entitled to full credit, and that a new trial should not be granted to procure the testimony of a co-defendant subsequently acquitted, whose evidence standing alone is of a suspicious import, and of such doubtful credibility as to render it unlikely that it would change the result of the trial, the new trial in this case was properly refused.

APPEAL from the District Court of Lamar. Tried below before the Hon. D. H. Scott.

The appellant in this case was convicted of the offense of incest with his daughter, Milly Jones. His punishment was assessed at a term of ten years in the penitentiary.

William Johnson and his wife, Harriet, witnesses for the State, testified, in substance, that defendant and his daughter, Milly, came to their house, en route to the city of Paris, on the evening of October 1, and asked permission to stay over night. Permission was granted, and witness and his wife retired to one bed, defendant and witness's little son to another, and Milly Jones and the little daughter to a pallet, all of the parties sleeping in the same room. Defendant went to the pallet between eleven and twelve o'clock and asked his daughter to accommodate his carnal passion. She protested first that the household was awake. Defendant, however, covered her, and the two had voluntary carnal intercourse. While the exercise was progressing vigorously, witness William Johnson shook the witness Harriet to awaken her, when defendant sprang from the pallet, said that he had hurt his sore leg and asked the witness William to strike a light. The witness declined, and defendant asked if the witness suspected anything.

He replied that he had seen what happened. Defendant replied that since discovery had occurred he was glad it occurred at witness's house, as the matter could be kept in the family.

The State's witness, "Sweet William" Harris, testified that, in October, 1886, he went to defendant's house about sunrise, and found defendant and his daughter Milly in bed together. When Milly jumped up the witness saw that her gown was raised, exposing her legs above the knees.

The defense introduced the wife of the defendant, who testified that defendant had been impotent for two and a half years, the result of injured loins.

No brief for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

Willson, Judge. It was not error to omit to give the jury a charge explaining the rules governing in cases of circumstantial evidence. In this case the evidence of defendant's incestuous acts was direct and positive. It is only when the evidence relied upon for a conviction is wholly circumstantial that such a charge is required. (Smith v. The State, 21 Texas Ct. App., 278; Jack v. The State, 20 Id., 656.)

It was not error to refuse defendant's motion for a new trial, based upon the ground that Milly Jones, his daughter, with whom the incestuous acts had been committed, being charged by indictment with the same offense, was, at the time of his trial, incompetent to testify in his behalf, but that, since his conviction, she had been tried for and acquitted of said offense, and was now a competent witness in his behalf, and that her testimony was material to him, etc. It is evident from the proof that if defendant had carnal knowledge of said Milly, it was with her consent, and she was therefore a participant in the crime, and equally guilty with him. (Mercer v. The State, 17 Texas Ct. App., 452.) Such a witness is not entitled to full credit. It is provided by statute that a conviction can not be had upon the testimony of an accomplice, unless corroborated, etc. (Code Crim. Proc., art. 741.)

With reference to the granting of a new trial upon evidence not attainable at the time of the trial, that is, the testimony of a codefendant, then incompetent but since rendered competent by acquittal, the rule is that, if such evidence be of a suspicious im-

port, if it stand alone, if, though acquitted, it be uncertain whether he is innocent, and if his character be so far compromised as to make it doubtful whether he ought to be believed, the new trial will generally be denied. (Rucker v. The State, 7 Texas Ct. App., 549.) The proposed testimony of the witness Milly Jones would stand alone, uncorroborated by any other evidence, and positively contradicted by the evidence of unimpeached witnesses. It is not at all probable that her testimony would change the result; and for these reasons the court properly refused to grant defendant a new trial upon this ground.

We find no error in the conviction, and the judgment is affirmed.

*Affirmed.*